**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SPORTSCARE OF AMERICA, P.C.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **MULTIPLAN, INC., AETNA, INC.,** *et al.*, <br><br> **Defendants.** | Civil Action No. 10-4414 (WJM) <br><br><br> **REPORT AND RECOMMENDATION** |

**FALK, U.S.M.J.**

Before the Court is Plaintiff's motion to remand this case to state court. [CM/ECF No. 14.] The motion is opposed. This Recommendation is made on the papers submitted. Fed. R. Civ. P. 78(b). For the reasons set forth below, it is respectfully recommended that Plaintiff's motion be **denied**.

BACKGROUND

On July 22, 2010, Plaintiff, Sportscare of America, P.C. ("Plaintiff"), a physical therapy facility, filed the instant complaint in New Jersey Superior Court. The Complaint contains 89 counts and is 65 pages long. Named as defendants are twenty-one insurance providers and one medical claim processing company. The Complaint is couched in terms of fraud, negligence, and interference with contract claims alleged against each insurance plan. However, in reality, the Complaint seeks to recover fees Plaintiff claims it is entitled to as a result of its treatment of individuals insured by the various health plan entities. (Compl. ¶¶ 7-10.) In short, Plaintiff

submitted claims to the health insurers and received some payment but at a rate that it claims is improper.[1]  (Compl. ¶¶ 8, 10.)  Plaintiff apparently sues for the difference between what Plaintiff was paid and what it thinks it should have been paid on various insurance claims.

On August 27, 2010, the action was removed to this Court.  The Notice of Removal alleges that Plaintiff's claims are actually claims for benefits due under employee benefit plans governed by the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. § 1001, *et seq.* and are thus preempted.  (Notice of Removal ¶ 6.)

On October 27, 2010, Plaintiff filed this motion to remand.  Plaintiff argues that it is not a "participant" or "beneficiary" in any ERISA plan, and thus, the claims are not preempted because they could not have been brought under ERISA.  Plaintiff also contends  "the 'rate of payment' . . . is a non-federal issue [that] is not preempted by ERISA."  (Pl.'s Br. 9.)

Defendants opposed the motion on November 22, 2010.[2]  They contend that the Complaint expressly pleads that Plaintiff is entitled to recover fees pursuant to "assignment of benefits documents," which establish ERISA jurisdiction.[3]  Defendants assert that the plain language of the Complaint establishes federal jurisdiction.  Defendants also argue that there is no independent legal duty that supports Plaintiff's claim beyond ERISA, and thus, no independent legal basis for Plaintiff to bring its claim beyond the federal scheme.

---

[1] The Complaint is vague.  It seeks simply to recover different, blanket dollar amounts against each defendant without reference to the number of patients it allegedly treated, either as a whole or for each defendant individually.

[2] The various defendants have submitted 3 separate briefs in opposition to remand.  See CM/ECF Nos. 19-21.

[3] CM/ECF No. 19 at 3; CM/ECF No. 20 at 1-2, 5; CM/ECF No. 21 at 11-13.

On November 29, 2010, Plaintiff filed a reply brief, arguing -- despite the express allegations in its own Complaint that assignments exist -- that Defendants have failed to establish the existence of valid assignments.

**DISCUSSION**

**A.     Legal Standard**

Federal courts have original jurisdiction over cases that "arise under" federal law.  See 28 U.S.C. § 1331, 1441(a).  In this regard, pursuant to the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not allege a federal claim on its face.  See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Franchise Tax Bd. of Cal. v. Contr. Laborers Vacation Tr. for S. Ca., 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law.").  However, the doctrine of complete preemption serves as an exception to the "well-pleaded complaint" rule.  See, e.g., Lazorko v. Pa. Hosp., 237 F.3d 242, 248 (3d Cir. 2000) ("One exception to [the well-pleaded complaint rule] is for matters that Congress has so completely preempted that any civil complaint that falls within this category is necessarily federal in character.").

The doctrine of complete preemption "creates removal jurisdiction even though no federal question appears on the face of the plaintiff's complaint."  Id.  Claims which fall within the scope of ERISA §502(a) have been deemed to be completely preempted.  See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 398 (3d Cir. 2004) ("State law causes of action that are 'within the scope of . . . §502(a) are completely preempted . . . ."); Vaimakis v. United Healthcare/Oxford, No. 07-5184, 2008 WL 3413853, at * 3 (D.N.J. Aug. 8, 2008) ("ERISA's civil enforcement provision falls within the doctrine of complete preemption.").  Therefore, such claims are removable to federal court.  See, e.g., Pryzbowski v. U.S. Healthcare,

3

Inc., 245 F.3d 266, 271 (3d Cir. 2001) ("Following the decision in Metropolitan Life, there can be no question that 'causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.' ") (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 62 (1987)).

The Third Circuit has set forth two conditions which must be met for a claim to be completely preempted under §502(a) and, therefore, subject to removal: (1) that the plaintiff could have brought the claim under §502(a); and (2) that "no other legal duty supports" plaintiff's claim. See Pascack, 388 F.3d at 400.  Both conditions must be met in order for the claim to be completely preempted.  See, e.g., N.J. Spinal Med. & Surgery, PA v. Aetna Ins. Co., No. 09-2503, 2009 WL 3379911, at *2 (D.N.J. Oct. 19, 2009); Vaimakis, 2008 WL 3413853, at *3.

Section 502(a) of ERISA provides that  "a participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, [or] to enforce his rights under the terms of the plan . . . . " 29 U.S.C. § 1132(a).  However, in addition to "participant[s]" and "beneficiar[ies]," it has been widely held that a health care provider may sue under ERISA § 502(a) if there is a valid assignment to the provider by a plan participant or beneficiary.  At least seven Courts of Appeals have so held.  See, e.g., Pascack, 388 F.3d at 401 n.7 ("Almost every circuit to have considered the question has held that a health care provider can assert a claim under § 502(a) where a beneficiary or participant has assigned to the provider that individual's rights to benefits under the plan" (citing Tango Trans. Healthcare Fin. Servs., 322 F.3d 888, 891 (5th Cir. 2003) (citing various circuit courts of appeals so holding))).  Federal jurisdiction based on assignment of ERISA claims has been adopted in this district.  See, e.g., Zahl v. Cigna Corp., No. 09-1527, 2010 WL 1372318, at *2 (D.N.J. Mar. 31, 2010) ("It is settled in this District that Zahl, as an assignee of these rights, stands in the shoes of his patients and may sue on their behalf to collect unpaid benefits."); JFK Med. Ctr. v. Dialysis Clinic, Inc., No. 09-4208, 2009 WL 4573741, at *3 n.2 (D.N.J.

Dec. 3, 2009); North Jersey Ctr. for Surgery, PA v. Horizon Blue Cross Blue Shield of N.J., No. 07-4812, 2008 WL 4371754 (D.N.J. Sept. 18, 2008); Wayne Surgical Ctr., LLC v. Concentra Preferred Sys., Inc., No. 06-298, 2007 WL 24166428, at *4 (D.N.J. Aug. 20, 2007); Israel v. N. New Jersey Teamsters Ben. Plan, No. 03-2922, 2006 WL 2830973, at *5 (D.N.J. Sep. 29, 2006). Therefore, standing to sue under ERISA § 502(a) exists for participants and beneficiaries in ERISA plans and for providers suing pursuant to appropriate assignments. See, e.g., id.

**B.     Analysis**

The issue here is whether, despite the presence of supposed state law claims in the Complaint, Plaintiff's claims are completely preempted as claims that could have been brought under ERISA § 502(a). Since Plaintiff is not a participant or beneficiary in any of Defendants' ERISA plans, this question depends on whether Plaintiff is proceeding as a health provider pursuant to an assignment of benefits from a plan participant associated with at least one of the Defendants' twenty-one ERISA plans.

The allegations of a complaint are assumed true for purposes of a motion to remand. See Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) ("Ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the Plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint."); see also Delaware v. Smith, 644 F. Supp. 2d 475, 477 (D. Del. 2009). In its Complaint, Plaintiff alleges:

> At all times mentioned herein the plaintiff was out-of-network and did not have a contract with any of the defendants therefore ***entitling the plaintiff to be paid for services rendered to individual insureds through the use of assignment of benefits documents*** or through patient reimbursement.

(Compl. ¶ 7) (emphases added).

5

The Complaint expressly alleges the existence of assignments of benefits and specifically states that its right to payment is dependent upon them. Plaintiff's request for remand is apparently based on the faulty premise that only a "participant" or "beneficiary" has standing to sue under ERISA. Not so. See, e.g., Zahl, 2010 WL 1372318, at *2 ("It is settled in this District that Zahl, as an assignee of these rights, stands in the shoes of his patients and may sue on their behalf to collect unpaid benefits."); Wayne Surgical Ctr., 2007 WL 24166428, at *4. As a result of its express pleading that it relies upon assignment of benefit documents from participants in Defendants' ERISA plans to support its claim for fees, Plaintiff's Complaint conclusively establishes the existence of federal jurisdiction. Because Plaintiff relies on assignment of benefit documents, it could have brought its claims under ERISA § 502(a), and, therefore, its claims are completely preempted. See Pascack, 388 F.3d at 398 ("State law causes of action that are 'within the scope of . . . §502(a) are completely preempted . . . .").

Plaintiff's pleading relying on assignments of benefits is clear. Yet, the Court is somewhat troubled by the ambiguity in Plaintiff's reply brief over the existence of assignments and the implication that Defendants must actually produce the assignments to remain in federal court. In its reply brief, Plaintiff frames its argument "[a]ssuming, *arguendo*, that there are valid assignments of benefits . . ." (Pl.'s Reply Br. 2.) *Arguendo*? Plaintiff *expressly pleads* that it entitled to payment from Defendants "through the use of assignment of benefits documents." (Compl. ¶ 7.) That allegation constitutes a judicial admission. See Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 211 n. 20 (3d Cir. 2006) ("Judicial admissions are concessions in pleadings or briefs that bind the party who makes them."); see also e.g., Sovereign Bank v. BJ's Wholesale Club, 533 F.3d 162, 181 (3d Cir. 2008) ("the allegation in the amended complaint is a binding judicial admission"); Soo Line R.R. Co. v. St. Louis Southwestern Ry. Co., 125 F.3d 481, 483 (7th Cir. 1997) (noting that it is

6

"well-settled . . . that a party is bound by what it states in its pleadings"). Moreover, this allegation is placed in a pleading signed by counsel pursuant to New Jersey Court Rule 1:4-8(a) and Federal Rule of Civil Procedure 11 (both requiring investigation before signing and filing pleadings). If that allegation is untrue and there are no assignments, counsel should have rushed to correct it by seeking to amend the Complaint, rather than being ambivalent in its brief.

However, from a legal standpoint, the actual existence of assignments is unimportant for the remand motion.[4] There are strict time limits for removal, see 28 U.S.C. § 1446(b), and Defendants have a right to rely on the allegations of the complaint in removing a case, which are assumed as true for removal purposes. See Steel Valley Auth., 809 F.2d at 1010; see also 14B Charles A. Wright, et al., Federal Practice and Procedure § 3722 (existence of federal jurisdiction is determined based upon allegations made in well-pleaded complaint); cf. Goosby v. Osser, 409 U.S. 512, 521 n.7 (1973) (all well-pleaded allegations in complaint are assumed true in determining existence of federal subject matter jurisdiction).[5] Defendants need not attach the assignments to their notice of removal or supply them with their briefs. Plaintiff has unequivocally alleged that assignments exist and has pleaded that it is relying on them to support its right to recovery. Nothing further is required.

---

[4] The Court strongly suspects there are indeed assignments of benefits. Defendants have said there are. (See, e.g., Defendants Cigna and Great West's Brief at 9; CM/ECF No. 21.) Plaintiff has pleaded that it has already been paid something on all of the claims that it has submitted to the ERISA health plans. It is unthinkable that health plans would pay perhaps hundreds of claims to a health care provider without assignments of benefits from the insureds.

[5] See also Bank of N.Y. v. Ukpe, No. 09-1710, 2009 WL 4895253, at *1 (D.N.J. Dec. 9, 2009) (allegations in complaint are assumed true for purposes of removal); Devine v. Novartis Pharm. Corp., No. 08-859, 2009 WL 3446404 (D.N.J. Oct. 19, 2009); Reg'l Med. Trans., Inc. v. Highmark, Inc., 541 F. Supp. 2d 718, 723 (E.D. Pa. 2008); In re Ciprofloxacin Hydrochloride Litig., 166 F. Supp. 2d 740, 741 (E.D.N.Y. 2001) ("Complaint allegations must be taken as true when deciding propriety of removal."); Fiorento v. Huntingside Assoc., 679 F. Supp. 3, 4 (E.D. Pa. 1987) ("when removal occurs . . . the jurisdictional focus is . . . [on] that pleading" and "[t]he factual allegations of the complaint must be accepted as true").

The second prong of the Pascack test is also satisfied.  Plaintiff identifies no other "independent legal duty" that would support its claims.  Plaintiff's argument that this is a "rate of payment" case is of no avail.[6]  Plaintiff admits that it has no contractual relationship with any Defendants.  At the same time, it argues that its right to payment is dependent upon assignments of benefits.  The amount of payment (*i.e.*, the "rate") at issue would necessarily implicate the rates in the ERISA plans under which Plaintiff claims it has received assignments.

This is not a case where, despite the existence of an assignment, the plaintiff is suing under a second agreement or document separate from the underlying plan, in which case preemption may not arise.  See, e.g., Blue Cross of Cal. v. Anesthesia Care Assoc. Med. Grp., 187 F.3d 1045, 1051-52 (9th Cir. 1999) (no preemption despite assignment when claim was brought under provider agreement separate from underlying ERISA plan).[7]  Thus, Plaintiff identifies no independent legal duty to support its claims, and the second Pascack prong is satisfied.

In sum, Plaintiff has expressly relied upon the existence of assignments, establishing that their claims could have been brought under ERISA § 502(a).  It has also failed to identify an independent legal duty supporting its claim.  As such, under Pascack, the case was properly removed.  Therefore, Plaintiff's motion to remand should be denied.

---

[6] Plaintiff also vaguely refers to "common law" and "state statutes and regulations" that allegedly provide an independent duty to support their claims.  However, these references are so perfunctory and unsupported that they do not require analysis.  See N.J. Bldg. Laborers Statewide Ben. Funds v. Perfect Concrete Funding, No. 10-1540, 2010 WL 2292102, at *1 (D.N.J. June 2, 2010) (Martini, J.) ("Respondent's brief cites no law: no statutory law, no case law, no scholarly authority.  An undeveloped argument in a brief is waived."); Aiellos v. Zisa, 09-3076, 2010 WL 421081, at *5 (D.N.J. Feb. 2, 2010) (Martini, J.) ("A throw-away argument left undeveloped is waived.").

[7] Plaintiff relies on this Court's Opinion in JFK Med. Ctr. v. Dialysis Clinic, 2009 WL 4573741 (D.N.J. Dec. 3, 2009), to argue that this is a "rate of pay" case. (See Pl.'s Br. 9.)  This case is nothing like JFK Med.  There, the plaintiff alleged the existence of an agreement with the payer independent from the ERISA plan at issue.  See id. at *1.  Here, Plaintiff has expressly pleaded that it does not have any contract with any of the Defendants.  (See Compl. ¶ 7.)

## **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that Plaintiff's motion to remand be **denied**.

s/Mark Falk<br>
**MARK FALK**<br>
**United States Magistrate Judge**

**Dated: January 24, 2011**