UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPORTSCARE OF AMERICA, P.C., | Civil Action Number: 2:10-4414 |
| Plaintiff, | |
| v. | OPINION |
| MULTIPLAN, INC., *et al.*, | HON. WILLIAM J. MARTINI |
| Defendants. | |

**OPINION**

This matter was filed by Plaintiff in the New Jersey Superior Court and removed by Defendants. In response to Plaintiff's motion for remand, Magistrate Judge Falk issued a report and recommendation, which, for the reasons elaborated below, the Court will adopt in full.

**I.   BACKGROUND**

Plaintiff is a physical therapy facility which has brought suit against twenty-one insurance companies and a medical claim processing company. The complaint alleges a variety of theories of liability sounding in state law. Defendants have removed this action on the theory that these state law claims are entirely preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"), § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). In his report and recommendation, the Magistrate Judge thoroughly examined the legal issue of whether Plaintiff's state law claims were preempted by federal law.

**II.   STANDARD OF REVIEW**

Motions to remand to state court are dispositive motions. *In re U.S. Healthcare,* 159 F.3d 142, 146 (3d Cir. 1998). With respect to dispositive motions, such as Plaintiff's remand motion, the district court must make a *de novo* determination of those portions of the magistrate judge's report to which a litigant has filed an objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). New Jersey Local Rule 72.1(c)(2) provides further guidance, and requires that "[s]uch party [seeking review] shall file . . . written objections

1

which shall specifically identify the portions of the . . . recommendations or report to which objection is made and the basis of such objection." N.J. L.R. 72.1(c)(2). Pro forma objections which fail to comply with the local rule will not be considered. *Mersmann v. Continental Airlines*, 335 F. Supp. 2d 544, 547 (D.N.J. 2004).

However, where no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is "satisf[ied] . . . that there is no clear error on the face of the record." Fed. R. Civ. P. 72 Advisory Committee's Notes (citation omitted); *see Peerless Ins. Co. v. Ambi-Rad, Ltd.*, 2009 WL 790898, at *4 (D.N.J. March 23, 2009) (same).

## III.   DISCUSSION

The Magistrate Judge issued a thorough, lucid, and well-reasoned report, examining the preemption issue in detail. This Court adopts the report and its reasoning. Furthermore, Plaintiff's objections are flawed: they cite no statutory authority, no case law, and no concrete common law doctrine. (Dkt. No. 35 (citing only N.J. L.R. 72.1).) The objection fails to do what New Jersey Local Rule 72.1 requires, that is, to "specifically identify the portions of the . . . recommendation[] to which objection is made and *the basis of such objection*." N.J. L.R. 72.1(c)(2). In this situation, where the plaintiff-objector fails to put forward any legal authority, there is no basis for the reviewing court to find any error. *Oliver v. Third Wave Techs., Inc.*, 2007 WL 2814598, at *3 (D.N.J. Sept. 25, 2007).

Given the absence of objections which comply with the local rule, the Court examines the report and recommendation for clear error. The Third Circuit has held that ERISA completely preempts state law claims if: (1) the plaintiff could have brought the claim under ERISA § 502; and (2) if no other independent legal duty arising under state law supports plaintiff's claim. *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). The first prong is established by the plan beneficiaries' assignment of their claims, as expressly alleged in Plaintiff's complaint. As to the second prong, neither Plaintiff's objections nor his prior briefing before the Magistrate Judge meaningfully clarify the basis of any such purported independent legal duty unconnected to ERISA. *See, e.g.*, *John F. Kennedy Medical Center v. Dialysis Clinic, Inc. Group Health Plan*, 2009 WL 4573741 (D.N.J. Dec. 3, 2009) (recommending remand where claim was tied to a contractual right independent of ERISA), *adopted by*, 2009 WL 5174605 (D.N.J. Dec. 18, 2009).

## IV.   CONCLUSIONS

For the foregoing reasons, the report and recommendation is adopted, and the motion to remand is **DENIED**.

s/ William J. Martini
**DATE: February 10, 2010**            **William J. Martini, U.S.D.J.**

2