UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPORTSCARE OF AMERICA, P.C., | Civil Action Number: 2:10-4414 |
| Plaintiff, | |
| v. | OPINION |
| MULTIPLAN, INC., *et al.*, | HON. WILLIAM J. MARTINI |
| Defendants. | |

## OPINION

Defendants CIGNA Corporation and Great-West Healthcare, Inc. ("CIGNA Defendants") have filed a motion to dismiss, which for the reasons elaborated below, will be **GRANTED**.

### I.  BACKGROUND

Plaintiff is a physical therapy facility which has brought suit against twenty-one insurance companies and a medical claim processing company. The complaint alleges a variety of theories of liability sounding in state law, and the action has been removed by Defendants on the theory that these state law claims are entirely preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"), § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). CIGNA Defendants have filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6).

### II.  STANDARD OF REVIEW

*Federal Rule of Civil Procedure 12(b)(2).* The initial burden of raising the defense of lack of personal jurisdiction lies with the defendant. *Cf. Potts v. Harrah's Atl. City Hotel & Casino*, 2007 WL 1866750, at *1 (E.D. Pa. June 28, 2007). Once the defense is raised, the burden shifts to the plaintiff to demonstrate personal jurisdiction over the defendant.

*Federal Rule of Civil Procedure 12(b)(5).* "Under [Rule 12(b)(5)] the plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." *McDaniel v. Greyhound Lines,*

*Inc.*, 2008 WL 2704774, *4 (W.D.N.C. July 7, 2008); *see also Carpenter v. Young*, 2004 WL 1858353, at *2 (E.D. Pa. Aug. 3, 2004) (same).

*Federal Rule of Civil Procedure 12(b)(6).* This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

Citing Rule 12(b)(5), the CIGNA Defendants argue that service of process was insufficient and did not comply with federal and state rules. Plaintiff's opposition letter brief concedes this point.

Citing Rule 12(b)(2), Cigna Corporation argues that the Court lacks personal jurisdiction over it because it has no contacts with the State of New Jersey. Plaintiff makes *no* response in its letter brief. Citing Rule 12(b)(6), the CIGNA Defendants argue that Plaintiff's complaint fails to state a claim. Here too, Plaintiff makes *no* response. In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue. *See Conroy v. Leone*, 316 Fed. Appx. 140, 144 n. 5 (3d Cir. Mar. 9, 2009) ("We find this undeveloped argument has been waived."); *Love v. Johnson*, 2010 WL 2178951, at *7 (D.N.J. May 27, 2010); *see also Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1002 n.1 (7th Cir. 2001) (holding that perfunctory and undeveloped arguments, and arguments unsupported by pertinent authority, are waived). This is particularly true where, as here, the grounds put forward in support of the lack of personal jurisdiction (Dkt. No. 25-1 at 9-11) and failure to a state claim (Dkt. No. 25-1 at 14-17) are highly fact-intensive, rather than pure legal questions.

### IV. CONCLUSIONS

For the reasons elaborated above, Defendants CIGNA Corporation and Great-West Healthcare, Inc.'s motion to dismiss is **GRANTED**. Furthermore, the Court notes that the parties requested the Court to opine on whether Plaintiff may amend its complaint against CIGNA Defendants (or against other defendants not yet identified). It would be premature for the Court to do so at this time because no such motion is before the Court, and, in this District, such motions are, in the first instance, customarily heard by a Magistrate Judge.

|  |  |
|---|---|
|  | s/ William J. Martini |
| **DATE: February 10, 2010** | **William J. Martini, U.S.D.J.** |