**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
201 St. Charles Ave., Suite 3600
New Orleans, LA  70170
Telephone:  504-566-8616

      and

**FINAZZO COSSOLINI O'LEARY**
**MEOLA & HAGER, LLC**
36 Cattano Avenue, Suite 500
Morristown, New Jersey 07960
Telephone: 973-343-4960

**Attorneys for Defendants**
Multiplan, Inc.; Aetna, Inc.; Christian Brothers Services; Coventry Health Care, Inc.; Government Employees Health Association, Inc.; The Guardian Life Insurance Company Of America; Health Net, Inc.; Self Funded Benefits, Inc. d/b/a Insurance Design Administrators, Inc.; National Association Of Letter Carriers Health Benefit Plan; Nippon Life Insurance Company Of America; Oxford Health Plans, LLC; Qualcare, Inc.; Tower Life Insurance Company; I.U.O.E. Local 15 Welfare Fund; Unicare Life & Health Insurance Company; United Healthcare Services, Inc.; Amerihealth; The Principal Life Insurance Company; Private Healthcare Systems, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SPORTSCARE OF AMERICA, P.C., <br><br>      Plaintiff, <br><br> vs. <br><br> MULTIPLAN, INC.; AETNA, INC; CHRISTIAN BROTHERS SERVICES; CIGNA; COVENTRY  HEALTH CARE;GOVERNMENT EMPLOYEES HEALTH ASSOCIATION, INC.; GREAT-WEST HEALTHCARE; THE  GUARDIAN LIFE INSURANCE COMPANY OF AMERICA; HEALTH NET, INC.; INSURANCE DESIGN ADMINISTRATORS, INC.;  MASKIN GROUP; NATIONAL ASSOCIATION OF  LETTER CARRIERS HEALTH BENEFIT PLAN; NIPPON LIFE INSURANCE COMPANY OF AMERICA; OXFORD HEALTH PLANS, LLC; QUALCARE, INC.; TOWER LIFE INSURANCE COMPANY; I.U.O.E. LOCAL | CIVIL ACTION NO: <br> 2:10-cv-04414-WJM-MF <br><br><br><br> **DEFENDANT INSURANCE DESIGN ADMINISTRATORS, INC.'S STATEMENT OF MATERIAL FACTS** |

1

15 WELFARE FUND; UNICARE LIFE &
HEALTH INSURANCE COMPANY; UNITED
HEALTHCARE SERVICES, INC.;
AMERIHEALTH; THE PRINCIPAL
FINANCIAL GROUP, INC.; PRIVATE
HEALTHCARE SYSTEMS,

                     Defendants.

Defendant Insurance Design Administrators, Inc. ("IDA") submits the following Statement of Material Facts pursuant to L. Civ. R. 56.1 as to which IDA contends there is no genuine issue:

1.      Plaintiff Sportscare of America, PC ("Plaintiff" or "Sportscare") instituted suit against IDA seeking recovery of additional payment for its alleged rendering of medical services to certain patients covered under a particular ERISA plan.  Plaintiff's First Amended Complaint (hereafter "Amended Complaint"), ¶¶32, 35.

2.      The Plan relevant to the litigation against IDA is the Self Funded Benefits Inc. d/b/a/ Insurance Design Administrators Plan, a group benefits plan administered by IDA ("Plan").  Declaration of Daniel W. Roslokken (hereinafter "Roslokken Decl."), ¶ 4.

3.      Daniel W. Roslokken, General Counsel and custodian of the claim records and files for IDA and coincidentally the patient to which this litigation relates, has reviewed and has personal knowledge of all claims submitted by Sportscare of America, P.C. on behalf of the Plan members regarding medical services provided by Sportscare of America, P.C, which are at issue in this litigation.  *See,* Roslokken Decl., ¶¶ 4,5 and 12.

4.      No request for an administrative appeal was ever submitted to IDA or the Plan regarding denial or payment of any of the claims relevant to this litigation.  Roslokken Decl., ¶7.

2

5.      Neither Plaintiff, nor the participant in the Plan (Mr. Roslokken himself), ever engaged in the administrative appeal process, either in writing or orally, regarding any of the claims listed in Exhibit "A." Roslokken Decl., ¶8.

6.      At no time did Sportscare balance bill Mr. Roslokken or otherwise seek reimbursement from him.  They neither pursued a formal appeal nor contacted him (the patient) in order to foster any such appeal.  Roslokken Decl., ¶13.

7.      The Plan sets forth a detailed process for administrative appeal of any decision regarding a claim for payment of medical services submitted to the Plan.  Roslokken Decl., ¶10.

8.      An administrative appeal is a prerequisite to legal action, thus the Plan requires a member (or a provider acting on a member's behalf and pursuant to the assignment of benefits under the Plan) to exhaust all available administrative remedies provided for in the Plan before any legal action is brought.  Roslokken Decl., ¶11.

Dated: June 28, 2011                Respectfully Submitted**,**

                                                /s/ Rachel R. Hager
                                                RACHEL R. HAGER, ESQ.

                                                **FINAZZO COSSOLINI O'LEARY**
                                                **MEOLA & HAGER, LLC**
                                                36 Cattano Avenue, Suite 500
                                                Morristown, NJ  07960
                                                rachel.hager@finazzolaw.com

                                                – and –

                                                **BAKER, DONELSON, BEARMAN,**
                                                **CALDWELL & BERKOWITZ, PC**
                                                201 St. Charles Ave., Suite 3600
                                                New Orleans, LA  70170

                                                Attorneys for Defendants
                                                Multiplan, Inc.; Aetna, Inc.; Christian Brothers Services;
                                                Coventry Health Care, Inc.; Government Employees Health

3

Association, Inc.; The Guardian Life Insurance Company Of America; Health Net, Inc.; Self Funded Benefits, Inc. d/b/a Insurance Design Administrators, Inc.; National Association Of Letter Carriers Health Benefit Plan; Nippon Life Insurance Company Of America; Oxford Health Plans, LLC; Qualcare, Inc.; Tower Life Insurance Company; I.U.O.E. Local 15 Welfare Fund; Unicare Life & Health Insurance Company; United Healthcare Services, Inc.; Amerihealth;   Principal Life Insurance Company and Private Healthcare Systems Inc.